FILED

2009 May-04  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **TEAIRA BRAXTON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:09-cv-00395-RDP** |
| | } | |
| **REGIONS BANK,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Defendant's Motion to Dismiss (Doc. #4) filed March 16, 2009. Having been fully briefed by the parties, the motion is now under submission.  (Docs. #4, 6, 8).

## I.      Introduction

On February 27, 2009, Plaintiff Teaira Braxton filed a Complaint in this court alleging a single 42 U.S.C. § 1983 claim against Regions Bank ("Regions") arising from the termination of her employment in October 2008.  In lieu of an Answer, Regions timely filed the pending Motion to Dismiss (Doc. #4), alleging that pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.

## II.     Standard of Review

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  A court may dismiss a complaint under that rule if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 547 (2007).  That is, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## III.   Relevant Facts

Plaintiff's Complaint alleges the following facts.  On or about August 25, 2008, Plaintiff was hired by Regions as a teller.  (Compl. ¶ 5).   Less than two months later, her employment with the

company was terminated.  (Compl. ¶ 6).  Although she had performed satisfactorily during that time period, Plaintiff failed to disclose to Regions, at the time of her hire, that she had been adjudicated a "Youthful Offender" in 2004.  (Compl. ¶ 6).  It was on the basis of her youthful offender status that Regions decided to terminate Plaintiff's employment.  (Compl. ¶¶ 6, 11).

Plaintiff alleges that in order to obtain the information of her youthful offender status, Regions must have broken "an Alabama and a federal statute" by accessing the national fingerprint file.  (Compl. ¶ 11).  She thereafter cites to §12-15-101(a), *et seq.*, <u>Code of Alabama</u> (1975) and 42 U.S.C. § 1983.  (Compl. ¶¶ 14, 15).

**IV.    Discussion**

Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  The Supreme Court has identified two elements for a plaintiff's prima facie case in § 1983 litigation: The plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  To survive the pending motion to dismiss, Plaintiff must provide enough facts to state a claim for relief under § 1983 that is plausible on its face.  *See Twombley*, 550 U.S. at 547.

**A.    Plaintiff's Complaint does not provide any facts sufficient to establish a plausible claim for deprivation of a federal right.**

Section 1983 does not itself create or establish any federally protected right.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("As we have said many times, § 1983 is not itself a source of substantive rights . . . ") (internal quotations omitted).  Instead, it creates a cause of action for a

3

plaintiff to enforce federal rights created elsewhere – federal rights created by the United States Constitution or other federal statutes. *See id.; see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) and *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) ("[S]ection 1983 imposes liability only for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.") (internal quotations omitted).

The Complaint in this action contains two very vague assertions that a federal statute has been violated:

> In order to obtain [youthful offender] information Regions and/or its agents had to break an Alabama and a federal statute.
> (Compl. ¶ 11).

> Plaintiff further alleges that numerous federal crimes exist to prosecute individuals who unlawfully access [the national fingerprint file] database.
> (Compl. ¶ 13).

Such vague and conclusory allegations are clearly insufficient to state a § 1983 claim, as they keep Regions and the court guessing as to what the alleged deprivation was and what specific rights were purportedly deprived. *See GJR Invs.*, 132 F.3d at 1368 ("[I]t is unclear from the complaint exactly which of [plaintiff's] constitutional rights it feels the defendants have violated."). Indeed, this court is not required to (and should not) guess or try to conjure up specific theories of constitutional deprivation that are not set forth on the face of the pleading. *See Cobb v. Hawsey*, 2007 WL 2093474, No. 07-0353-WS-B at *5 (S.D. Ala. July 20, 2007) ("Simply put, it is impossible to glean from the vague Complaint exactly how the [plaintiffs] feel that defendants violated their constitutional rights, or what the alleged deprivation was . . . As pleaded, the Complaint might be logically construed as pursuing any number of different constitutional deprivations.   These

4

defendants should not have to hypothesize as to the constitutional basis for plaintiffs' § 1983 claim, and it is unfair to expect them to formulate a . . . defense . . . in the face of such ambiguity.").

Apparently in an attempt to create a right to redress under § 1983, Plaintiff's opposition to the motion to dismiss contains a <u>new</u> allegation that "the right to privacy is a well known constitutional right" and "[t]here certainly exists a right to privacy under the United States Constitution's First Amendment." (Doc. #6, at 5). "Without exactly stating it, it is clear that the violation of this right is what the Plaintiff is complaining about." (Doc. #6, at 5). This is all well and good, and *might* have saved Plaintiff's case[1] but for at least one key problem: there is simply no plausible basis for finding that Regions could qualify as a state actor.

### B.     It is wholly implausible that Plaintiff would be able to establish that Regions was acting under color of state law when it accessed the national fingerprint file.

An essential ingredient of a § 1983 claim is that the defendant must act under color of state law. *See Flagg Bros.*, 436 U.S. at 155. That is, § 1983 does not reach the conduct of private parties, no matter how harmful. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to . . . scrutiny and private conduct (however exceptionable) that is not."); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (§ 1983 is not implicated by "merely private conduct, no matter how discriminatory or wrongful"). However, there are certain limited circumstances under which an otherwise private person or entity may be held to the constitutional standards of the state. *See Brentwood Acad.*, 531 U.S. at 295 ("[W]e say that state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be treated as that

---

[1] Plaintiff has not filed an Amended Complaint in this action.

of the State itself.") (internal quotations omitted). The Eleventh Circuit recognizes three tests for determining state action: the public function test, the state compulsion test, and the nexus/joint action test. *See NBC v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988).

The Complaint itself sheds no light on Plaintiff's state actor theory. *See Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) ("[W]e are not permitted to read into the complaint facts that are not there."). All the Complaint alleges is that Regions made a personnel decision based on a youthful offender conviction. (Compl. ¶¶ 6, 10, 11, 12).

In Plaintiff's opposition to the motion to dismiss, she asserts for the first time that she believes that by accessing the Integrated Fingerprint Identification System ("IAFIS") database, Regions was performing a public function that is traditionally the exclusive province of the state. (Doc. #6, at 4). "It is the Plaintiff's understanding that until recently, this action by Regions Bank would not have been possible, as access to IAFIS was limited to law enforcement agencies for law enforcement purposes." (Doc. #6, at 4). But no other explanation is given for why requesting and obtaining criminal histories for employment reasons falls within the exclusive province of the state. *See Flagg Bros.*, 436 U.S. at 157-58; *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). While many functions may be historically and traditionally performed by governmental entities, the cases establish that very few are *exclusively* governmental functions. *See, e.g., Hudgens v. NLRB,* 424 U.S. 507, 519 (1976) (operation of a shopping mall not exclusively a governmental function); *Am. Mfrs.*, 526 U.S. at 55-58 (insurance companies' suspension of workers' compensation benefits pending utilization committee review not exclusively a governmental function); *Blum v. Yaretsky*, 457 U.S. 991, 993 (1982) (nursing home care not exclusively a governmental function); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (education of maladjusted children not exclusively

6

a governmental function); *S.F. Arts & Athletics v. U.S. Olympic Comm.*, 483 U.S. 522, 544 (1987) (coordination of amateur athletics not exclusively a governmental function).  Private employers routinely seek background information on applicants for employment purposes and that activity does not implicate state action.  Furthermore, it is wholly implausible to conjure up a theory connecting access of the national fingerprint file to state action.  *See Twombley*, 550 U.S. at 547.  Accordingly, Plaintiff's action is due to be dismissed.

## V.      Conclusion

For the reasons outlined above the court finds that the Defendant's Motion to Dismiss (Doc. #4) is due to be granted.  A separate order will be entered dismissing this case in its entirety.

**DONE** and **ORDERED** this _____4th_____ day of May, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE